DLD-289                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2147
_____

IN RE:  KIRK A. SIMMONS,
                                                                   Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. No. 1-13-cr-00097-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 22, 2017
Before:  CHAGARES, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed: July 6, 2017)
_____

OPINION[*]
_____

PER CURIAM

Kirk A. Simmons, a federal prisoner proceeding pro se, petitions for a writ of

mandamus to compel the United States District Court for the District of Delaware to rule

on his memorandum of law in support of his motion to vacate his sentence under 28

U.S.C. § 2255, and his motion requesting in-camera review of the grand jury

proceedings.  We will deny the petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2014, Simmons pleaded guilty in the District of Delaware to one count of attempted enticement and coercion of a minor, a violation of 18 U.S.C. § 2242(b). He was sentenced to a mandatory minimum term of 120 months' incarceration followed by ten years of supervised release. He did not file a direct appeal. In June 2015, he filed a motion to vacate his sentence under 28 U.S.C. § 2255. In September 2016, Simmons filed a memorandum of law in support of his § 2255 motion.

In October 2016, Simmons filed a mandamus petition seeking an order directing the District Court to rule on then-pending motions to compel and supplement, as well as his § 2255 motion. After the District Court ruled on the motions to compel and supplement, Simmons amended his mandamus petition to seek only an order directing a ruling on his § 2255 motion. On January 18, 2017, Simmons filed a motion requesting in-camera review of the grand jury proceedings. On January 25, 2017, this Court denied Simmons' mandamus petition, without prejudice to a renewed petition if the District Court did not rule on the § 2255 motion. By court order entered on February 3, 2017, the District Court denied Simmons' § 2255 motion, and denied his motion requesting in-camera review as moot. Simmons appealed, and this Court, by order entered on April 28, 2017, denied Simmons' request for a certificate of appealability.

In the instant mandamus petition, Simmons alleges that the District Court "ignored" both his memorandum of law in support of his § 2255 motion and his motion for in-camera review of the grand jury proceedings, and requests that the District Court be directed to rule on these filings.

Mandamus is a drastic remedy that is granted in only extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has "no other adequate means" to obtain the relief requested, and that he has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Mandamus may not be used as a substitute for appeal. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d at 378–79. Among other things, Simmons has no right to the relief he requests, as his § 2255 motion has been fully addressed on appeal and resolved adversely to Simmons. Indeed, he raised the issue of his memorandum of law in his request for a certificate of appealability. Accordingly, we will deny Simmons' petition.